```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
          vs.                 )    Criminal No. 02-74
                              )    See Civil Action No. 04-774
SANDRA YOUNG,                 )
                              )
          Defendant.
```

O R D E R

        AND NOW, this 12th day of July, 2005, upon consideration of Petitioner's Pro Se "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (document No. 72) filed in the above captioned matter on May 21, 2004, and the Supplement thereto, and upon further consideration of the Government's Response thereto,

        IT IS HEREBY ORDERED that said Motion is DISMISSED as untimely.

        AND, further, upon consideration of the Government's Motion to Dismiss Petitioner's 28 U.S.C. § 2255 Petition and Supplement as Untimely Filed (document No. 80) filed in the above captioned matter on August 2, 2004,

        IT IS HEREBY ORDERED that said Motion is GRANTED.

I.        Background

        On August 8, 2002, Petitioner plead guilty to Counts One, Five, Six and Seven of a seven count Indictment, charging her with

conspiracy to commit access device fraud in violation of 18 U.S.C. § 371, possessing fifteen or more access devices in violation of 18 U.S.C. §§ 1029(a)(3) and 2(a), producing and using one or more counterfeit access devices in violation of 18 U.S.C. §§ 1029(a)(1) and 2(a), and using one or more unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2) and 2(a). On October 17, 2002, Petitioner was sentenced by this Court to 60 months' imprisonment at Count One and 78 months' imprisonment at each of Counts Five, Six and Seven to run concurrently. Petitioner did not file a Notice of Appeal following her sentencing.

On January 20, 2004, Petitioner filed her original pro se Motion to Vacate, Set Aside or Correct Sentence in which she contended that her conviction and sentence should be set aside based on two grounds: (1) ineffective assistance of counsel, and (2) due process violations. On that same day, Petitioner also filed a Motion to Correct Sentence pursuant to 18 U.S.C. § 4A1.1, Section 2255 and Rule 60.

On January 21, 2004, in accordance with United States v. Miller, 197 F.3d 644 (3rd Cir. 1999), this Court issued an Order advising Petitioner that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prohibits consideration of a second or successive habeas petition absent certification from the Third Circuit that certain very specific and rare circumstances exist. With that in mind, Petitioner was ordered to advise the Court as to

how she wished to proceed in this case, specifically, whether she wished to have her motion ruled upon as filed and lose the ability to file a second petition absent Third Circuit certification, or whether she wished to withdraw the motion and file one all-inclusive habeas petition within the one-year statutory period of the AEDPA. Petitioner was also advised that if the Court did not receive a written notification of withdrawal by February 20, 2004, the Court would proceed to decide the original motion as filed.

Accordingly, on February 9, 2004, Petitioner filed a Notice of How to Proceed Pursuant to the Court's January 21, 2004 Order, withdrawing her original § 2255 Motion and her Motion to Correct Sentence. On February 10, 2004, the Court granted Petitioner an extension until May 21, 2004, within which to file one all-inclusive § 2255 petition. Petitioner filed her all-inclusive motion on May 21, 2004. In response, on June 10, 2004, the Government filed its response claiming that Petitioner's response should be dismissed as untimely and also addressing each of Petitioner's substantive claims.

Subsequently, Petitioner filed a Supplement in Support of her Section 2255 Motion, arguing that pursuant to the Supreme Court Decision in <u>Blakely v. Washington</u>, her sentence should be vacated because the enhancements applied to her under the Federal Sentencing Guidelines were not admitted by her or determined by a jury and, therefore, violated her constitutional rights. In response, the

Government filed a Motion to Dismiss Petitioner's § 2255 Motion and Supplement as untimely filed, arguing that Petitioner's motion is time-barred and setting forth an analysis pursuant to Blakely.[1]

Title 28, United States Code, Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside, or correct the sentence" where (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255 (Supp. 2000). Although a prisoner previously was able to file a section 2255 motion at any time, Petitioner's section 2255 motion is governed by the AEDPA, which imposes stringent requirements for seeking and obtaining collateral relief. Specifically, the AEDPA amended section 2255 to impose a one-year time limit on filing section 2255 motions. The relevant text of 28 U.S.C. § 2255 provides that:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the constitution or laws of the United States is removed, if the movant was

---

[1] The Court notes that these pleadings were filed prior to the Supreme Court decision in Booker v. United States, which held that the Federal Sentencing Guidelines are merely advisory upon the Court and, therefore, do not implicate a Defendant's Sixth Amendment rights.

4

>           prevented from making a motion by such
>           governmental action; (3) the date on which the
>           right asserted was initially recognized by the
>           Supreme Court, if that right has been newly
>           recognized by the Supreme Court and made
>           retroactively applicable to cases on collateral
>           review; or (4) the date on which the facts
>           supporting the claim or claims presented could
>           have been discovered through the exercise of
>           due diligence."

Id.

Here, there is no indication that subsections (2), (3) or (4) apply.  Therefore, the one-year limitation period in this case began to run when Petitioner's judgment of conviction became final.  A judgment was entered against the Petitioner on October 22, 2002.  Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner had ten days from that date to file a notice of appeal, which she did not.  "If a [petitioner] does not pursue a timely direct appeal to the Court of Appeals, his or her conviction and sentence becomes final, and the statute of limitations begins to run, on the date on which the time for filing such an appeal expired."  Kapral v. United States, 166 F.2d 565, 577 (3rd Cir. 1999).  Therefore, because Petitioner did not take a direct appeal in this case, her judgment became final on November 1, 2002, thereby giving her until November 3, 2003 to collaterally attack her sentence.  It was not until January 20, 2004, however, that Petitioner filed her first motion for relief pursuant to 28 U.S.C. § 2255, which was well beyond the one year statute of limitations.

In her Reply to the Government's Response to Petitioner's § 2255 Motion, in order to refute the Government's argument that her motion is time-barred, Petitioner seeks to rely upon this Court's February 10, 2004 Order which granted her an extension until May 21, 2004 to file one all-inclusive 2255 petition. Specifically, Petitioner argues that, because her all-inclusive motion was filed within the time frame provided for in this Order, her claims are not time-barred. However, within this Order, the Court specifically informed the Petitioner that the Court's granting of the extension was not to be construed as a determination by the Court that Petitioner's initial § 2255 motions were timely filed as required by 28 U.S.C. § 2255. The Court further informed Petitioner that the timeliness of her motion, if an issue in this case, would be decided by this Court upon receipt of her new all-inclusive motion and the Government's response thereto. See Court's Order, dated February 10, 2004.

The Court recognizes the Third Circuit's holding that the one-year limitations period for filing section 2255 petitions is a statute of limitations, and therefore is subject to equitable tolling. See Miller v. New Jersey State Dept. Of Corrections, 145 F.3d 616-18 (3rd Cir. 1998). However, federal courts invoke the doctrine of equitable tolling "only sparingly." United States v. Midgley, 142 F.3d 174, 179 (3rd Cir. 1998). Equitable tolling is only appropriate when the petitioner has been prevented from

asserting her rights "in some extraordinary way." <u>Miller</u>, 145 F.3d at 618 (<u>citing</u> <u>Oshiver v. Levin, Fishbein, Sedran & Berman</u>, 38 F.3d 1380 (3rd Cir. 1994).  Moreover, the Petitioner must show that she exercised "reasonable diligence" in investigating and bringing her claims.  <u>Id.</u> (<u>citing</u> <u>New Castle County v. Halliburton Nus Corp.</u>, 111 F.3d 1116, 1126 (3rd Cir. 1997)).  Mere excusable neglect is not sufficient to toll the statute of limitations.  <u>Id.</u>  Here, the Petitioner offers no evidence of reasonable diligence in investigating and filing her claims.

Additionally, the Court notes that, while in certain cases, such as <u>Miller</u>, courts have agreed to toll the limitations period in order to allow petitioners to timely file their § 2255 motion under the AEDPA, this has not been done when, as here, the Petitioner's original motion, before receiving <u>Miller</u> notice, was itself untimely.  <u>See</u> <u>United States v. Chew</u>, 284 F.3d 468, 471 (3rd Cir. 2002).

Therefore, in the case at bar, because Petitioner's original § 2255 motion was untimely filed, the all-inclusive § 2255 Motion which she filed following this Court's <u>Miller</u> notice is time-barred as well.  <u>See</u> <u>Chew</u>, 284 F.3d at 471 (found it to be "an exercise of futility" to provide <u>Miller</u> notice in circumstances where initial motion was untimely because any § 2255 motion filed following <u>Miller</u> notice would be time-barred as well).

Accordingly, Petitioner's 2255 motion is dismissed as untimely and the Government's Motion to Dismiss is granted. Finally, because Petitioner's motion is untimely, this Court does not reach the merits of Petitioner's claims, and there exists no basis for issuing a certificate of appealability, as Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

                                        S/Alan N. Bloch
                                        United States District Judge

cc:       U.S. Attorney's Office
           400 U.S. Post Office & Courthouse, Pittsburgh, PA 15219

           Sandra Young, #07418-068; R-4
           Federal Prison Camp, Box A, Alderson, WV 24910